**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION**

| | | |
|---|---|---|
| GARY JAMES and PRINCESS JAMES,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, individually and in its capacity as trustee for SASCO 2005-WF4, et al.,<br><br>Defendants. | ) | CIVIL ACTION NO. 3:09cv247-MHT (WO) |

**OPINION AND ORDER**

Plaintiffs Gary James and Princess James brought this lawsuit in state court seeking damages arising out of an improper loan and attempted foreclosure by defendants U.S. Bank National Association and Wells Fargo. The plaintiffs also seek a temporary restraining order enjoining foreclosure by the defendants. The defendants removed this lawsuit based on diversity-of-citizenship jurisdiction. 28 U.S.C. §§ 1441, 1331. The plaintiffs now move for remand arguing, inter alia, that the

**defendants have failed to demonstrate that the $ 75,000 amount-in-controversy requirement is met in this case. For the reasons that follow, the plaintiffs' remand motion will be granted.**

**I.**

**Defendant U.S. Bank contacted the plaintiffs in February 2009, notifying them that the bank was accelerating the promissory note and mortgage on the plaintiffs' home and that the amount due was $ 149,385.10. Before the bank could foreclose, however, the plaintiffs filed this action in state court, seeking damages and requesting a temporary-restraining order. The defendants then removed the case to this federal court.**

**The plaintiffs allege that Wells Fargo, another defendant in this case, actually made the initial loan. This mortgage was ultimately sold into the secondary market and acquired by SASCO 2005-WF4, believed to be a New York corporate trust (U.S. Bank is a defendant as**

**trustee of SASCO). As such, the plaintiffs argue, first, that the alleged transfer of the promissory note and mortgage in this case from Wells Fargo to SASCO is defective and unenforceable. The plaintiffs next allege that the defendants engaged in predatory lending by knowingly giving the plaintiffs a loan they could never repay. The plaintiffs therefore bring a variety of claims including negligence, wantonness, wrongful foreclosure, breach of contract, civil conspiracy. Notably, they also petition the court for a temporary restraining order, preventing foreclosure until their case might be heard.**

**II.**

**For purposes of removal pursuant to diversity-of-citizenship jurisdiction, where damages have not been specified by the plaintiff, a removing defendant has the burden of proving by a preponderance of the evidence that the $ 75,000 amount-in-controversy requirement for**

**diversity jurisdiction is met. Leonard v. Enterprise Rent-a-Car, 279 F.3d 967, 972 (11th Cir. 2002). The defendant must do so by presenting documents received from the plaintiff "which contain an unambiguous statement that clearly establishes federal jurisdiction." Lowery v. Alabama Power Co., 483 F.3d 1184, 1213 n. 63 (11th Cir. 2007). The court may not "speculate in an attempt to make up for the notice's failings." Id. at 1213. "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand." Id. at 1211.**

**Finally, "[r]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are to be resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).**

III.

The plaintiffs here have not specified the damages sought for any of their claims. The defendants, nevertheless, contend that the $ 75,000 amount-in-controversy requirement is met because: (1) the mortgage in this case secures a promissory note of $ 142,200 and because the property has been valued at $ 132,000; and (2) "Alabama courts have routinely allowed excessive compensatory and punitive damages awards" in similar tort cases. Notice Removal at 4. Neither of these arguments persuades the court.

a. Value of the Property

All parties conceded that the 'plaintiff-viewpoint rule' is the proper method for determining the amount in controversy when injunctive relief is sought. See Ericsson GE Mobile Commc'ns v. Motorola Commc'ns & Elecs., Inc., 120 F.3d 216, 218-19 (11th Cir. 1997) (courts are "requir[ed] ... to measure the object of the

**litigation solely from the plaintiff's perspective."). "[T]he value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." Morrison v. Allstate Indemnity Co., 228 F.3d 1255, 1268 (11th Cir. 2000). The defendants argue, however, that even from the plaintiffs' viewpoint, the amount in controversy exceeds $ 75,000. They note that "when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." Waller v. Professional Ins. Corp., 296 F.2d 545, 547 (5th Cir. 1961).[1]**

**Crucially, however, the plaintiffs do not challenge the validity of the mortgage in its entirety; they merely assert that the "entity seeking foreclosure is not the owner of their debt ...." Pl.'s Reply Opp M. Remand at**

---

**1. In Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.**

**4. As such, the plaintiffs seek a <u>temporary</u> restraining order until the allegations of their complaint may be resolved. From the plaintiffs' perspective, then, the monetary value of the injunctive relief is not the entire value of the property; rather, it is the value of a delay in foreclosure. <u>See</u> <u>Carstarphen v. Deutsche Bank Nat'l Trust Co.</u>, 2009 WL 1537861, *5 (S.D. Ala. June 01, 2009) (Steele, J.) (holding that amount in controversy is the "value to [the plaintiff] of a temporary restraining order forestalling [the defendant's] foreclosure sale," not the value of the property itself). While that delay may be very important to the plaintiffs, it is certainly worth much less than the property itself, and the court cannot simply rely on the value of the mortgage or the property to determine that amount. <u>See</u> <u>Id</u>. at *5, (determining that court had "no basis" for valuating temporary restraining order above $ 75,000).[2]**

---

**2. Even if the plaintiffs had requested a permanent injunction, thus attacking the validity of the mortgage in its entirety, the amount in controversy would remain**
(continued...)

**b. Value of the Tort Claims**

**As to the value of the tort claims against the defendants, the notice of removal contains very few facts. There is nothing on the face of the complaint unambiguously stating how much the plaintiffs seek in damages nor can the court "readily deduc[e]," Lowery, 483 F.3d at 1211, the damages simply by looking to the value of the underlying mortgage. Any attempt to determine the amount in controversy based on the notice of removal therefore would require the court to engage the kind of unguided speculation explicitly prohibited by Lowery.**

---

(...continued)
**unclear. Under this approach, the plaintiffs' interest in the injunction would be their equity in the property not the value of the property itself. See Sanders v. Homecomings Financial, LLC, 2009 WL 1151868, *3 (M.D. Ala. April 29, 2009) (Fuller, J.) (explaining that the plaintiff's "interest in the property is, at the very most, his equity in the home."); see also Siewak v. AmSouth Bank, 2006 WL 3391222, at *5 (M.D. Fla. Nov. 22, 2006) (Jenkins, M.J.) (determining amount in controversy based on "the value of the subject property less the validly executed mortgages ...."). In this case the amount of that equity has not been clearly established, although it appears to be negative, with the plaintiffs actually owing more on the property ($ 142,000) than it is worth ($ 132,000).**

See Wood v. Option One Mortg. Corp., 580 F. Supp. 2d 1248, 1252 (N.D. Ala. 2008) (Hopkins, J.) (remanding action, despite underlying mortgage obligation of $ 145,000, because Lowery prevented removal based simply on the plaintiffs' "assertion of claims for wrongful foreclosure and improper mortgage charges and their demand for unspecified compensatory and punitive damages."); see also Horace v. LaSalle Bank Nat'l Ass'n, 2009 WL 426467 (M.D. Ala. Feb 17, 2009) (Thompson, J.); Sanders v. Homecomings Financial, LLC, 2009 WL 1151868 (M.D. Ala. April 29, 2009) (Fuller, J.).

This conclusion holds true despite the defendants' assertion that "Alabama courts have routinely allowed excessive compensatory and punitive damages awards in tort cases with very modest special damages." Notice Removal at 4. The Eleventh Circuit Court of Appeals has clearly rejected such attempts to establish the amount in controversy by analogy, explaining that "this evidence regarding the value of other tort claims was not received

**from the plaintiffs, but rather was gathered from outside sources." Lowery, 483 F.3d at 1221. "As such, the evidence is not of the sort contemplated by § 1446(b)." Id. The court furthered that, "Even if the defendants had received the evidence of other suits from the plaintiffs, we question whether such general evidence is ever of much use in establishing the value of claims in any one particular suit." Id.**

**In conclusion, the defendants have failed to present any evidence that clearly establishes that the amount in controversy in this case exceeds the jurisdictional threshold of $ 75,000.**

*******

**Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs Gary James and Princess James's motion to remand (doc. no. 11) is granted and that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded**

**to the Circuit Court of Chambers County, Alabama for want of subject-matter jurisdiction.**

**The clerk of the court is DIRECTED to take appropriate steps to effect the remand.**

**DONE, this the 17th day of July, 2009.**

**/s/ Myron H. Thompson**
**UNITED STATES DISTRICT JUDGE**